IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WOODROW TOWNSEND**                                                                            **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO.: 4:22-cv-162-DMB-JMV**

**TRINITY WELSH**                                                            **DEFENDANT**

**REPORT AND RECOMMENDATION OF DISMISSAL**

This matter comes before the court *sua sponte* for consideration of dismissal as explained hereafter. On July 31, 2023, this court entered an Order Granting Motion to Withdraw [45]. Therein, the Court required Plaintiff to, within thirty (30) days, or by August 30, 2023, either retain new counsel or inform the Court of his intent to proceed *pro se*. Plaintiff has taken no action, thereby failing to comply with the Court's order.

Pursuant to Fed. R. Civ. Pro. 41(b), the Plaintiff's claims may be dismissed because she has "fail[ed] to prosecute or to comply with . . . a court order." *See Irby v. Luker*, 2011 WL 587292, at *1 (S.D. Miss. Jan. 21, 2011), *report and recommendation adopted*, 2011 WL 587285 (S.D. Miss. Feb. 10, 2011); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Id.*; *Link,* 370 U.S. at 629–31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority).

Accordingly, the undersigned recommends that the complaint [2] be dismissed for failure to prosecute and failure to comply with an order of the Court.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 8th day of September, 2023.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**